UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JONAH MOORE, # 208999,

    Plaintiff,

v.                                                      Case Number: 11-cv-10268
                                                      Honorable Patrick J. Duggan

PATRICIA CARUSO,

    Defendant.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

      This is a prisoner's civil rights action filed under 42 U.S.C. § 1983. Plaintiff Jonah Moore is a state prisoner currently incarcerated at the Chippewa Correctional Facility in Kincheloe, Michigan. He names Patricia Caruso as Defendant. Plaintiff seeks leave to proceed without prepayment of the $350.00 filing fee for this action and has submitted a copy of his prison trust account statement. See 28 U.S.C. § 1915(a)(1). In his *pro se* complaint, he alleges that the guards at the Jackson prison put a video phone in his brain to torture and assault him. Plaintiff is seeking, among other things, monetary damages.

      Having reviewed the matter, the Court concludes that Plaintiff is not eligible to proceed without prepayment of the filing fee for this action and dismisses the complaint under 28 U.S.C. § 1915(g).

      The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the Sixth Circuit has stated, the PLRA "was aimed at the skyrocketing numbers of claims filed by

prisoners– many of which are meritless– and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress put into place economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). In *Hampton*, the Sixth Circuit found the PLRA's fee requirements constitutional. *Id.* at 1288.

The PLRA further reinforces its "stop and think" aspect by preventing a prisoner from proceeding without prepayment of the filing fee when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal; although the statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the "three-strikes" rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is ex post facto legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604-06 (6th

2

Cir. 1998); *accord Rodriguez v. Cook*, 169 F.3d 1176, 1178-82 (9th Cir. 1999); *Rivera v. Allin*, 144 F.3d 719, 723-26 (11th Cir. 1998); *Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997).

In short, the "three strikes" provision requires the Court to dismiss a civil case where the prisoner seeks to proceed without prepayment of the filing fee if, on three or more previous occasions, a federal court has dismissed the prisoner's action because it was frivolous or malicious or failed to state a claim upon which relief may be granted. *Id.*; *see also Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (holding that "the proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the provisions of § 1915(g)").

Plaintiff is a prolific litigator in federal court. The Court's records reveal that he has filed at least three prior civil actions which have been dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See Moore v. MDOC*, No. 10-cv-213 (W.D. Mich. Oct. 12, 2010); *Moore v. MDOC*, No. 10-cv-810 (W.D. Mich. Sept. 7, 2010); *Moore v. MDOC*, No. 10-cv-10682 (E.D. Mich. Apr. 19, 2010); *Moore v. MDOC*, No. 10-cv-10680 (E.D. Mich. Mar. 2, 2010). In addition, Plaintiff previously has been denied leave to proceed without prepayment of the filing fee for having three strikes. *See Moore v. MDOC*, No. 10-cv-288 (W.D. Mich. Dec. 7, 2010). Consequently, Plaintiff is a "three striker" who cannot proceed without prepayment of the filing fee for this civil action unless he can demonstrate that he is "under imminent danger of serious physical

injury." 28 U.S.C. § 1915(g). To fall within this statutory exception to the three-strikes rule, a prisoner must allege that the threat or prison condition is "real and proximate" and that the danger of serious physical injury exists at the time the complaint is filed. *See Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008) (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 313 (3d Cir. 2001) ( en banc )).

The allegations set forth in Plaintiff's complaint do not suggest that he is under imminent danger of serious physical injury. Plaintiff has thus failed to show that he falls within the exception to the three-strikes rule.

Accordingly,

**IT IS ORDERED**, that Plaintiff's request for leave to proceed without prepayment of fees is **DENIED** and his complaint is **DISMISSED WITHOUT PREJUDICE**. The Court also concludes that an appeal from this order would be frivolous and therefore cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

Dated: March 7, 2011               s/PATRICK J. DUGGAN
                                   UNITED STATES DISTRICT JUDGE

4

Copy to:
Jonah Moore, #208999
Chippewa Correctional Facility
4269 W. M-80
Kincheloe, MI 49784